JUDGE OETKEN

**13 CV 3760**

Howard Z. Myerowitz, Esq. (HZM0972)
SONG LAW FIRM LLC
400 Kelby Street, 7th Floor
Fort Lee, NJ 07024
Tel: (201) 461-0031
Fax: (201) 461-0032
E-mail: hmyerowitz@songlawfirm.com
*Attorneys for Plaintiff Jushua Prevost*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

JUSHUA PREVOST,

                 Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER VANITY
MEDINA, SHIELD NO. 27515, OF THE 47TH PRECINCT,
AND THE NYPD,

                 Defendants.
-------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

**JURY TRIAL DEMAND**

[Received stamp: JUN 0 3 2013 U.S.D.C. S.D.N.Y. CASHIERS]

       Plaintiff Joshua Prevost (hereinafter "Plaintiff"), by his attorneys, complaining against defendants The City of New York, Police Officer Vanity Medina, Shield No. 27515 of the 47th Precinct, and the New York City Police Department (hereinafter collectively "Defendants") alleges as follows:

### NATURE OF THE ACTION

       1.     The plaintiff, Jushua Prevost, brings this action under 42 U.S.C. Sec. 1983 and related state laws seeking compensatory and punitive damages and attorney's fees under 42 U.S.C. Sec. 1988 for the defendants' violation of the rights afforded by the United States and New York Constitutions and under the laws of the State of New York.

2. Defendants, City Of New York, Police Officer Vanity Medina Shield No. 275151 of the 47th Precinct and the New York City Police Department, respectively, violated plaintiff's civil rights without just and probable cause, causing him emotional and economic loss.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over plaintiff's claims under 42 U.S.C. Sec. 1983 pursuant to 28 U.S.C. Sec. 1331 and Sec. 1342(3).

4. The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Sec. 1367.

5. Venue is vested in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

6. Plaintiff is a resident of the County of BRONX, City and State of New York, residing at 929 East 230th Street, #2E, Bronx, NY 10466.

7. Defendant City of New York is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies and customs of the New York City Police Department, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

8. At all times hereinafter mentioned, the New York City Police Department was and is a law enforcement agency of the municipal corporation of Defendant City, duly created

pursuant to Chapter 18 of the New York City Charter, and as such is responsible for the hiring, screening, training, supervising, controlling and disciplining of those persons in its employ.

9. Defendant Police Officer Vanity Medina, Shield No. 27515, is being sued herein both in her individual and official capacities, and was at all times hereinafter mentioned, and particularly on or about October 9, 2010, employed by the New York City Police Department and the City of New York.

10. Defendants were at all times acting under color of state law, to wit, under color of statutes, ordinances, customs, policies and/or practices of the State of New York and/or the City of New York and defendants were also acting within the scope of and in furtherance of their employment.

## FACTUAL ALLEGATIONS

11. Plaintiff, Jushua Prevost, was not guilty of any criminal acts.

12. In or about October of 2010, plaintiff was employed as a Heating, Ventilating and Air Conditioning (HVAC) technician and installer at All American Kitchen, located at 486 Industrial Loop West, Staten Island, NY 10309.

13. On October 9, 2010, prior to the time of his arrest the Plaintiff was not engaged in any criminal conduct. Just prior to Officer Medina's arrest of the Plaintiff, he had stopped on his way home from work at a bodega located off White Plains Road between 228th Street and 229th Street in Bronx, New York.

14. While the Plaintiff was inside the store, he observed two men arguing. The plaintiff attempted to intervene to break up the fight and approached one of the men, who he

later found out was named Robert Campbell. The man told him to mind his own business, then proceeded to remove a knife from his pocket and attempted to slash the Plaintiff across his face.

15. At this point, the plaintiff protected himself by placing his left forearm above his head in a manner to block the man's attempt to slash his face. The plaintiff later had to receive twelve (12) stitches to his forearm from the cut he received from Robert Campbell's knife.

16. The Plaintiff called the police so that his assailant could be apprehended. While the Plaintiff attempted to call the police his attacker ran out of the store and began to proceed north on 230th Street. The Plaintiff ran after his assailant to try to catch up to him so that the police would be able to take him into custody.

17. The Plaintiff caught up to Robert Campbell in the vicinity of 690 East 230th Street, subdued him and prevented him from escaping until the police arrived. Once the police arrived the Plaintiff explained to Officer Medina and the other members of the police that arrived on the scene what happened. The Plaintiff also found out that the police interviewed witnesses that were present in the Bodega at the time that Robert Campbell attacked him. These witnesses corroborated the plaintiff's version of the way the events transpired in the bodega.

18. The police took the plaintiff to Montefiore Medical Center-North Division at 600 East 233rd Street for treatment of the cut to his forearm and received twelve (12) stitches to his arm.

19. On October 9, 2010, at approximately 9:50 p.m. Plaintiff was falsely arrested in the vicinity of 690 East 210th Street, County of Bronx, New York by Police Officer Medina of the 47th precinct of the New York City Police Department.

20.     While the plaintiff was at the precinct, he was fingerprinted, photographed and strip searched. Approximately a few hours later, the plaintiff was transported to Central Booking located at 215 East 161st Street, Bronx, New York.

21.     At Central Booking, the plaintiff was once again strip searched, fingerprinted, and photographed and thereafter placed in another holding cell for several hours. By this time, it was well past 12:00 a.m. on October 10, 2010.

22.     Sometime that morning, the Plaintiff was assigned a public defender who informed him that he was being charged with Attempted Murder in the Second Degree, Assault in the First Degree, two (2) counts of Assault in the Second Degree, Menacing in the Second Degree, Assault in the Third Degree, Criminal Possession of a Weapon in the Fourth Degree and Harassment in the Second Degree, in violation of §110/125.25 (1), 120.00 (1), 120.05 (1), 120.05 (1), (2), 120.14 (1), 120.00 (1), and related charges. The attorney also informed the Plaintiff that he was facing considerable jail time.

23.     On or about October 11, 2010, the plaintiff was taken to Bronx County Supreme Court where he was arraigned on Attempted Murder in the Second Degree and related charges under Docket Number 2010BX063951. The plaintiff was denied the right to post bail.

24.     The Plaintiff was incarcerated at the Vernon C. Bain Correctional Center for an additional four (4) days before being released on October 15, 2010.

25.     The plaintiff continued to be falsely prosecuted in this matter until the case was dismissed on November 4, 2010, on the application of the District Attorney's office.

## AS AND FOR A FIRST CAUSE OF ACTION
## DEPRIVATION OF JUSHUA PREVOST'S
## CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. § 1983 IN
## VIOLATION OF THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS

26. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. Officer Medina was at all times relevant, a duly appointed and acting officer of the City of New York Police Department.

28. At all times mentioned herein, Officer Medina was acting under color of law, to wit: the statutes, ordinances, regulations, policies and customs and usage of the State of New York and/or City of New York.

29. Plaintiff is and was at all times relevant herein, a citizen of the United States and a resident of Bronx County in the State of New York and brings this cause of action pursuant to 42 United States Code, section 1983 and 42 United States Code, section 1988.

30. Plaintiff intends, upon being deemed the prevailing party in this action, to move this Court for reasonable attorneys' fee pursuant to Title 42 of the United States Code, section 1988.

31. Defendant City Of New York is a municipality duly incorporated under the laws of the State of New York.

32. On or about June 20, 2011, Officer Medina, and other armed police, while effectuating the arrest of the Plaintiff, did search, seize, assault and grab the person of Plaintiff without a court authorized arrest warrant. They did physically seize the Plaintiff during the arrest process in an unlawful and excessive manner. Plaintiff was falsely arrested and maliciously prosecuted without the Defendants possessing probable cause.

33. The Defendants violated Plaintiff's right to be free from false arrest, right to be

free from false imprisonment, right to be free from illegal search and seizure, right to be free from assault and battery, right to be free from malicious prosecution, right to procedural and substantive due process, right to equal protection under the law, as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, by unlawfully seizing Mr. Prevost's person, confining him without justification or consent, intentionally and offensively touching his person and commencing and continuing criminal proceedings against him without probable cause and with actual malice.

34. The above actions of the Defendants resulted in Plaintiff being deprived of the following rights under the United States Constitution:

      a. Freedom from assault to his person;

      b. Freedom from battery to his person;

      c. Freedom from illegal search and seizure;

      d. Freedom from false arrest;

      e. Freedom from malicious prosecution;

      f. Freedom from the use of excessive force during the arrest process.

      g. The right to procedural and substantive due process.

      h. The right to equal protection under the law.

35. As a result of the acts and omissions of the Defendants which deprived Mr. Prevost of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, Mr. Prevost sustained multiple injuries, including loss of liberty, mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, loss of reputation, humiliation, indignities, embarrassment, degradation, loss of enjoyment of life, intimidation and fear for his safety, and an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

## AS AND FOR A SECOND CAUSE OF ACTION
## SUPERVISOR LIABILITY PURSUANT TO 42 U.S.C. § 1983 IN
## VIOLATION OF THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS

35. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1-35 as if fully set forth herein.

36. Mr. Prevost's rights have been violated under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by the defendants who were supervisors of the officers who violated and abused plaintiff's rights.

37. These defendants, who were supervisors, had actual and constructive knowledge of the illegal seizure, false arrest and malicious prosecution being committed by their subordinates against Mr. Prevost.

38. The defendant supervisors did cause Mr. Prevost harm by their gross negligence in managing their subordinates, by failing to remedy the patterns of false arrest and malicious prosecution and other constitutional violations the defendants committed after learning of them, and by creating a policy and custom under which unconstitutional practices occurred and were tolerated.

39. By reason of the unlawful seizure, detention, and malicious prosecution, Mr. Prevost suffered mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and he was otherwise injured.

40. By reason of the aforesaid, Mr. Prevost sustained multiple injuries including loss of liberty, mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, loss of reputation, humiliation, indignities, embarrassment, degradation, loss of enjoyment of life, intimidation and fear for his safety, and an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

## AS AND FOR A THIRD CAUSE OF ACTION
## 42 U.S.C. § 1983 - MONELL CLAIM

41. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1-41 as if fully set forth herein.

42. Mr. Prevost's rights have been violated under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by the defendant City of New York.

43. Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to Mr. Prevost's rights under the Constitution and the laws of the United States, in that they failed to adequately discipline, train, supervise or otherwise direct police officers in connection with fundamental and recurring constitutional and ethical duties.

44. Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case for violations of the constitutional rights of citizens, thereby causing defendants in this case to engage in unlawful conduct which did cause the plaintiff to be subjected to deprivations of his civil rights.

45. Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers, including defendants in this case, to engage in unlawful conduct.

46. Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have failed to train the defendants in understanding the rights of citizens.

47. Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have failed to train the defendants in the proper criteria to properly conduct an investigation.

48. Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have failed to train the defendants and insure that defendants understand proper comportment, are capable of maintaining appropriate control of their tempers, and are capable of behaving appropriately and properly when wielding the force of law enforcement authority.

49. Defendants City of New York, New York City Police Department and unidentified Police Officers who were supervisors and final decision makers, as a matter of policy and practice, have failed to train the defendants as to the existence and elements of the affirmative duty of a law enforcement officer to intervene to prevent violations of citizens' civil rights, which are preventable, from being perpetrated by a fellow officer in his or her presence.

50. By reason of the unlawful seizure, detention and malicious prosecution the plaintiff suffered mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and he was otherwise injured.

51. By reason of the aforesaid, Mr. Prevost sustained multiple injuries including loss of liberty, mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, loss of reputation, humiliation, indignities, embarrassment,

degradation, loss of enjoyment of life, intimidation and fear for his safety, and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1983 - FAILURE TO INTERVENE

52. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1-52 as if fully set forth herein.

53. Mr. Prevost's rights have been violated under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by the individual defendants.

54. There exists a duty for defendants to intervene to prevent the preventable violation of civil rights taking place in their presence when there is a reasonable opportunity to do so.

55. Such opportunity existed for the defendants in the instant case.

56. Defendants, by failing in their affirmative duty to intervene are responsible for the violations and deprivation of the plaintiff's rights under Fourth, Fifth and Fourteenth Amendment.

57. The Defendants subjected Plaintiff to such deprivations, either in a malicious or reckless disregard of Plaintiff's rights or with deliberate indifference to those rights under the Fourth, Fifth and Fourteenth amendments of the United State Constitution.

58. The direct and proximate result of Defendants' acts is that Mr. Prevost sustained multiple injuries including loss of liberty, mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, loss of reputation, humiliation, indignities, embarrassment, degradation, loss of enjoyment of life, intimidation and fear for his safety, and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff demands Judgment against the Defendants on all Counts, individually, jointly and severally, for compensatory damages, exemplary damages, attorney's fees, costs of suit and all such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues so triable.

Dated: May 29, 2013

                                          Respectfully submitted,

                                          SONG LAW FIRM, LLC

By: _/s/ Howard Z. Myerowitz_
Howard Z. Myerowitz, Esq. (HM0972)
SONG LAW FIRM LLC
400 Kelby Street, 7th Floor
Fort Lee, NJ 07024
Tel: (201) 461-0031
Fax: (201) 461-0032
E-mail: hmyerowitz@songlawfirm.com
*Attorneys for Plaintiff*