


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 2 3 2013

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Vicki B. Zgodny
*Assistant Corporation Counsel*
Phone: (212) 788-8084
Fax: (212) 788-9776
vzgodny@law.nyc.gov

The Clerk of Court is Directed to:
☐ Term motion (doc. #_____)
☑ Doc. and File As: Letter 2

June 21, 2013

**VIA FIRST CLASS MAIL**
Howard Z. Myerowitz, Esq.
Song Law Firm, LLC
400 Kelby Street, 7th floor
Fort Lee, NJ 07024

Re: <u>Jushua Prevost v. City of New York, et al.</u>, 13-CV-3760

Dear Mr. Myerowitz:

The City was served with the complaint in the above-referenced matter on June 14, 2013 but the City has not yet received a "Designation of Agent for Access to Sealed Records Pursuant to NYCPL Section 160.50(1)(d)" (the "§ 160.50 Release"). Under the Southern District of New York's Plan for Streamlined Disposition of Certain Section 1983 Cases Against the City of New York (the "Plan"), plaintiff is required to provide the City with a § 160.50 Release at the same time that the complaint is served on the City. A copy of the Southern District of New York's Plan is enclosed for your convenience.

Please have your client execute the § 160.50 Release before a notary public and return the executed release to me within three weeks of the above date. Please ensure that the § 160.50 Release contains the complete title of the criminal proceeding, the date of the arrest and the docket or indictment number in the spaces provided.

You should also be aware that the Plan requires plaintiff to provide the City with medical releases at the same time as the § 160.50 Release. Failure to provide medical releases at the time the § 160.50 Release is served will constitute a waiver of plaintiff's claims for compensation for any physical or mental injury alleged in the complaint. If you are providing medical releases, please also ensure that the medical releases contain the name and address of the medical

provider, the date or dates of treatment, names or aliases used, the client's social security number and date of birth.

Finally, if the City does not receive the executed § 160.50 Release within three weeks, the City will seek an order to Show Cause why the complaint should not be dismissed for failure to prosecute.

Thank you in advance for your cooperation.

Very truly yours,

Vicki B. Zgodny  
Assistant Corporation Counsel  
Special Federal Litigation Division

Enclosures

## DECLARATION OF SERVICE

Vicki B. Zgodny declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On, **June 21, 2013**, I served the annexed **Failure to Provide 160.50 Release under SDNY Plan Letter** upon Howard Z. Myerowitz, Esq., by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

Howard Z. Myerowitz, Esq.
Song Law Firm, LLC
400 Kelby Street, 7th floor
Fort Lee, NJ 07024

Dated: New York, New York
   **June 21, 2013**

_____
Vicki B. Zgodny
ASSISTANT CORPORATION COUNSEL