

ZACHARY W. CARTER
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Vicki B. Zgodny**
*Senior Counsel*
Phone: (212) 356-2662
Fax: (212) 356-3509
vzgodny@law.nyc.gov

March 20, 2014

**Via ECF**
The Honorable Valerie E. Caproni
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   Jushua Prevost v. City of New York, et al., 13-CV-3760

Your Honor:

I am the attorney assigned to the defense of this action. Pursuant to the Court's March 13, 2014 Order, the parties are providing the Court with a status report.

The parties attended a mediation session on Friday, March 7th. However, the parties were unable to resolve the matter. Defendants have requested that plaintiff withdraw the case pursuant to Rule 11 of the Federal Rules of Civil Procedure. Preliminarily, defense Counsel sent a letter to plaintiff's counsel on Monday, March 17th, requesting that plaintiff withdraw the case by March 31st, because there are no viable claims. To the extent that plaintiff continues to pursue the case, defendants intend to serve plaintiff with defendants' motion to dismiss and subsequently before Your Honor.

Although defendants will provide the Court with a fully briefed motion in the event that plaintiff does not withdraw his Complaint by March 31st, defendants submit that based upon plaintiff's own sworn testimony at his General Municipal Law §50h hearing, in which he was represented by his present counsel, there was probable cause for plaintiff's arrest and prosecution because plaintiff admitted to the crime of assault in the third degree to which he was arrested and charged.

In fact, plaintiff testified at his 50H hearing, that when plaintiff finally caught up to the complainant, Robert Campbell, in the vicinity of 690 East 230th Street, plaintiff, "pushed [Campbell] into the fence and [plaintiff] was punching [Campbell] until the cops came around." (*See Plaintiff's G.M.L. §50H hearing,* page 19-20) Plaintiff goes on to say, that he then pushed [Campbell] down to the ground and sat on him and was punching [Campbell] in the face. (*Id.* at pg. 20.) When plaintiff was asked, "was [Campbell] unconscious because you punched him in the face?", plaintiff responded, "I guess so.". (*Id.*) Thus, there was probable cause for plaintiff's arrest which is a complete defense to plaintiff's false arrest and malicious prosecution claims.

It is Plaintiff's position that Defendants are misrepresenting the facts of this case by taking them out of context and that the only thing frivolous about this case is Defendants' planned Rule 11 motion.  Defendants are fully aware that the actions testified to by the Plaintiff were taken <u>after</u> Robert Campbell attacked him with a knife.  Thus the Plaintiff was not "assaulting" Campbell.  It was the Plaintiff who called the police and when the police arrived, Plaintiff was on top of Campbell holding him down.  The police were fully aware that Plaintiff had been attacked by Campbell.  Plaintiff was bleeding all over the place when they arrived and they took Plaintiff to the hospital to have his wounds stitched up.  Therefore, there was no probable cause to arrest him.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/
Vicki B. Zgodny
Senior Counsel
Special Federal Litigation Division


<u>/s/ Howard Z. Myerowitz, Esq.</u>
Howard Z. Myerowitz, Esq.
*Attorney for plaintiff*