```
                                                            ┌─────────────────────────────┐
                                                            │ USDC SDNY                   │
                                                            │ DOCUMENT                    │
UNITED STATES DISTRICT COURT                                │ ELECTRONICALLY FILED        │
SOUTHERN DISTRICT OF NEW YORK                               │ DOC #:_____ │
-------------------------------------------------- X        │ DATE FILED: 12/22/2015      │
  JUSHUA PREVOST,                           :               └─────────────────────────────┘
                                            :
                                            :
                                Plaintiff,  :          13-CV-3760 (VEC)
                                            :
                  -against-                 :          OPINION & ORDER
                                            :
  CITY OF NEW YORK and P.O. VANITY          :
  MEDINA,                                   :
                                            :
                                            :
                                            :
                                Defendants. :
                                            :
-------------------------------------------------- X
```

VALERIE CAPRONI, District Judge:

Plaintiff Jushua Prevost brought claims pursuant to 28 U.S.C. § 1983 against Police

Officer Vanity Medina and the City of New York.  Defendants' motion for judgment on the

pleadings pursuant to Fed. R. Civ. P. 12(c) was previously granted in part and denied in part.

Dec. 9, 2015 Opinion and Order ("Op.") (Dkt. 27).  The case proceeded to discovery, and the

Defendants now move for summary judgment.  For the reasons set forth below, Defendants'

motion is GRANTED.

## BACKGROUND[1]

On October 9, 2010, Plaintiff got into a dispute with Robert Campbell in a bodega in the

Bronx.  Def. 56.1 ¶¶ 1-3.  While in the bodega, Campbell cut Plaintiff with a knife.  *Id*. ¶¶ 2-3.

---

[1]     The Court refers to Defendants' Statement Pursuant to Local Rule 56.1 (Dkt. 51) as "Def. 56.1"; to
Defendants' Memorandum of Law in Support of their Motion for Summary Judgment (Dkt. 52) as "Def. Mem."; to
Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment  (Dkt. 55) as "Pl.
Opp."; and to Defendants' Reply Memorandum of Law in Further Support of their Motion for Summary Judgment
(Dkt. 58) as "Defs. Reply."   Plaintiff conceded that the facts contained in Defendants' 56.1 Statement are not in
dispute. Pl. Opp. at 1.  Although not in a Counter Rule 56.1 Statement as they should have been, Plaintiff asserted
that a few additional facts are undisputed. *See* Pl. Opp. at 1-2.  For purposes of this motion, Defendant conceded
that those facts are not in dispute. Def. Reply at 2.

Plaintiff called 911 and gave chase when Campbell ran out of the store. *Id*. ¶¶ 4-5.   Plaintiff

chased Campbell for a couple of blocks before overtaking him, tripping him and knocking him

unconscious. *Id*. ¶¶ 6-8.   When the police arrived in response to the 911 call, Plaintiff was sitting

on top of Campbell, who was unconscious and bleeding from the head. *Id*. ¶¶ 16-17.   As to

Plaintiff, his arm was cut, and he was bleeding as well. *Id*. ¶ 19.

After being pulled off Campbell by a police officer, Plaintiff told the police that

Campbell had cut him with a knife, that he had chased Campbell and knocked him unconscious.

*Id*. ¶¶ 18, 20.   Defendant Medina, who was unaware that it was Plaintiff who had called 911 in

the first instance, Pl. Opp. at 2, went to the bodega where the dispute began to interview any

witnesses. Def. 56.1 ¶ 24.   One man told her that there had been an argument but he did not

know what it was about.   No other details were provided by the witnesses. *Id.*   Medina did not

record the name of the witnesses to whom she spoke. Pl. Opp. at 2.

Based on what the officers had seen, Plaintiff was arrested for assault in the third degree.

Def. 56.1 ¶ 26.   On October 22, 2010, he was arraigned on a variety of charges, including

attempted murder and assault. *Id*. ¶ 33.   The case against Plaintiff was dismissed when Campbell

regained consciousness and declined to press charges. *Id*. ¶ 34.   This lawsuit followed.

## DISCUSSION

### I.   Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).   "'Where the

record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,

there is no genuine issue for trial.'" *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal

quotation marks omitted)). Courts "'construe the facts in the light most favorable to the non-moving party and resolve all ambiguities and draw all reasonable inferences against the movant.'" *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014) (*per curiam*) (quoting *Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 79-80 (2d Cir. 2009) (alteration omitted)).

## II.     There Is No Question of Fact Regarding Plaintiff's Remaining Claims

Following Defendants' partially successful motion for judgment on the pleadings, two claims remained against the individual officer: a claim for false arrest and a claim for malicious prosecution. In addition, a *Monell* claim remained against the City of New York.

### A.  There Is No Evidence To Support Plaintiff's False Arrest Claim

Plaintiff's false arrest claim was allowed to proceed based on his allegation that in the time between the police arriving on the scene and Plaintiff's arrest, witnesses at the bodega had confirmed Plaintiff's account of the events – namely that "Campbell, unprovoked, attacked Plaintiff with a knife." Op. at 9. Discovery did not bear out the allegations in Plaintiff's complaint. Instead, the facts show only that the witnesses in the bodega confirmed that there had been a dispute, not that Plaintiff was the victim of an unprovoked attack.

"Probable cause is a complete defense to any action for false arrest or malicious prosecution in New York," *Dickerson v. Napolitano*, 604 F.3d 732, 751 (2d Cir. 2010), and, by extension, a defense to liability under Section 1983. *See Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009) ("[A] plaintiff must show a violation of his rights under the Fourth Amendment, and establish the elements of a malicious prosecution claim under state law" to state a claim for malicious prosecution under Section 1983); *Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir. 2006) (Sotomayor, J.) (courts "look[] to the law of the state in which the arrest occurred" to analyze 1983 claims for unconstitutional false arrests). "Under both federal and New York

law, an officer 'has probable cause to arrest when he or she has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2014) (quoting *Dickerson*, 604 F.3d at 751).

"'When determining whether probable cause exists courts must consider those facts *available to the officer* at the time of the arrest and immediately before it." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (quoting *Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir. 2002)) (emphasis in *Panetta*). An "officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause," *id.* at 396, but "under some circumstances, a police officer's *awareness* of the facts supporting a defense can eliminate probable cause" under New York law, *Jocks v. Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003) (emphasis added). It is well-settled that even though there is no duty to investigate defenses or unverified claims of justification offered by the arrestee before making an arrest, an officer is not permitted to "deliberately disregard" facts that establish justification. *Id.* at 135-36.

In this case, the police officer knew that there had been a dispute and that one of the disputants had knocked the other out. While the police also knew that Plaintiff had been cut (presumably by Campbell) and that he professed to be the innocent victim of Campbell's aggression, those facts do not undercut the reasonableness of the officer's belief that Plaintiff had committed an assault. *See Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (police need not disprove an exculpatory version of the facts coming from the putative arrestee prior to making an arrest).

Because there is no question of fact that probable cause existed for the arrest, Medina is entitled to summary judgment on that claim

### B.  There is No Evidence to Support Plaintiff's Malicious Prosecution Claim

There are four elements to a claim for malicious prosecution: "(1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (quoting *Colon v. City of New York*, 60 N.Y.2d 78 (N.Y. 1983)); *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997), *cert. denied*, 522 U.S. 1115 (1998).  In this case, Plaintiff's case founders on the third and fourth elements.

Starting with the third element, as indicated above, there was clearly probable cause for Plaintiff's arrest and subsequent prosecution.  He was encountered by the police sitting on top of a man who had been beaten unconscious, admittedly by the Plaintiff.  The fact that Plaintiff was also injured and had called 911 does not undercut the reasonableness of the police judgment that there had been a mutual assault.  Thus, there was probable cause for Plaintiff's arrest and subsequent prosecution.

As to the fourth element, the Plaintiff argues there is a question of fact regarding malice because, first, Medina "admit[ted] she volunteered to take the arrest and did not advise the ADA of her miniscule but corroborating findings at the bodega," and second, "[s]uch failures, lack of knowledge as to the defense of justification and the knowledge that Mr. Prevost was a victim can be construed to be malice under the law."  Pl. Opp. at 5 (citations to the record omitted).

 To satisfy this prong the Plaintiff must show that the Defendant pursued the prosecution with "'a wrong or improper motive, something other than a desire to see the ends of justice served,'" *Lowth v. Town of Cheektowaga,* 82 F.3d 563, 573 (2d Cir.1996) (quoting *Nardelli v. Stamberg,* 44 N.Y.2d 500, 503 (1978)).  None of the facts to which Plaintiff points even remotely suggests that Defendant pursued the prosecution because of wrong or improper motive. The only fact that is even remotely relevant is that Defendant Medina did not tell the prosecutor about the information she learned in the bodega.  Because that information was not exculpatory,

however, it hardly gives rise to an inference of malice or ill will.  The fact that she was not

entirely conversant with the defense of justification might suggest negligence, but it does not

reasonably give rise to an inference that she possessed a wrong or improper motive.

In short, Plaintiff has adduced absolutely no evidence to support his claim of malicious

prosecution.  Accordingly, Defendants are entitled to summary judgment on Plaintiff's malicious

prosecution claim.

### C.  Plaintiff Abandoned his *Monell* Claim

Plaintiff's Complaint asserted a *Monell* claim based on the City's failure to train its

officers.  As noted in the Court's Opinion on Defendants' Motion for Judgment on the Pleadings,

the Complaint was not a model of clarity, but it appeared to allege that the City did not

adequately train its police officers "on the intersection between exculpatory defenses and

probable cause, including the officers' obligation to consider facts known to them that [might]

establish justification."  Op. at 11.

Defendants moved for summary judgment on this claim, arguing that Plaintiff has

adduced no evidence to create a triable issue on his *Monell* claim.  Def. Mem. at 12.  Plaintiff did

not respond to that portion of Defendants' Motion for Summary Judgment.  The Court therefore

views the *Monell* claim to have been abandoned.  *Taylor v. City of New York*, 269 F. Supp. 2d

68, 75 (E.D.N.Y.) (citing *Douglas v. Victor Capital Group,* 21 F. Supp. 2d 379, 393

(S.D.N.Y.1998) (collecting cases)), *clarified by* 269 F. Supp. 2d 68 (E.D.N.Y. 2003).

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED.

The Clerk of Court is requested to terminate this action.

**SO ORDERED.**

**Date:  December 22, 2015**          **VALERIE CAPRONI**
     **New York, NY**          **United States District Judge**